NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANKLIN RAMIREZ-NAVARRETE,

　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　Respondent.

No. 21-605

Agency No.
A094-895-301

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2023
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

　　　Franklin Ramirez-Navarrete petitions for review of a Board of Immigration

Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We deny the petition for review.[1]

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] The temporary stay of removal remains in place until the mandate issues. The
motion for a stay of removal is otherwise denied.

Where, as here, the BIA adopts or relies on only part of the IJ's reasoning, we "treat the incorporated parts of the IJ's decision as the BIA's." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Id.* (internal quotation marks and citation omitted). "Any error committed by the IJ thus may be rendered harmless by the BIA's application of the correct legal standard." *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998) (internal quotation marks and citation omitted). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Substantial evidence review means that the BIA's determinations will be upheld if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). We reverse only where "the evidence compels a contrary conclusion from that adopted by the BIA." *Id.* (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)).

1.      Ramirez asserts that the BIA erred in not finding his three proposed social groups cognizable. But the BIA permissibly assumed, without deciding, that all three of Ramirez's proposed social groups were cognizable. There is therefore

2                                                                21-605

no need for us to decide whether those proposed social groups are appropriate particular social groups for asylum and withholding of removal purposes.

2.      Ramirez also argues that the BIA erred in affirming the IJ's conclusion that he was not likely to be institutionalized if removed to Mexico. Ramirez contends that the IJ erroneously disregarded expert testimony in reaching this conclusion. We disagree.

"If the Board rejects expert testimony, it must state 'in the record why the testimony was insufficient[.]' . . . Improperly rejected expert testimony is a legal error and, thus, per se reversible." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (internal quotation marks and citation omitted). Here, the IJ explained his reasons for departing from the expert's opinion.

Substantial evidence supports the agency's conclusion that Ramirez did not demonstrate a reasonable possibility or that it was more likely than not that he would be institutionalized if removed to Mexico. *See Al-Harbi v. INS.*, 242 F.3d 882, 888–89 (9th Cir. 2001) (holding eligibility for asylum requires a reasonable possibility of persecution, but eligibility for withholding of removal is subject to the more stringent standard of a clear probability of persecution); *Singh v. Holder*, 764 F.3d 1153, 1163 (9th Cir. 2014) (stating that a successful CAT application requires a showing that torture is more likely than not to occur if the applicant is removed). Although the record supports the expert's credibility as to her diagnosis

of schizophrenia, and that diagnosis was fully credited, the record also supports the IJ's conclusion, affirmed by the BIA, that the expert's predictions about Ramirez's future in Mexico were marred by her inadequate knowledge of Ramirez's work history, his familial relationships, and Mexican country conditions. Given these gaps, the agency's decision to discount her testimony in these areas was justified.

The record also supports the IJ's additional conclusions. First, Mexico's efforts to restructure its healthcare system and the existence of a mental health budget not solely dedicated to psychiatric hospitals demonstrate that Ramirez may be able to get medical treatment in Mexico without being institutionalized. Second, Ramirez's 30-year history of extensive criminal and immigration proceedings without detection of his significant mental illness supports the IJ's finding that even if unmedicated in Mexico, Ramirez has not shown the requisite likelihood that he would be institutionalized against his will. Substantial evidence supports the agency's conclusions that there is insufficient likelihood that Ramirez will be institutionalized if removed to Mexico.

3.      Because the agency concluded that Ramirez is not likely to be institutionalized if removed to Mexico, it did not consider whether Mexican psychiatric institutions' practices arise to the level of persecution or torture based on the record in this case. That question is therefore not before us.

**PETITION DENIED.**